IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                          ORDER

        v.                                01-cr-64-bbc-01

REGINALD T. COLE,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for review of Reginald T. Cole's supervised release was held in this case on May 16, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita Rumbelow. Defendant was present in person and by counsel, Joanne M. Keane. Also present was Senior United States Probation Officer William T. Badger, Jr.

      From the record and defendant's stipulation I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on November 19, 2001, following his conviction for possession with intent to distribute cocaine base, a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1). This is a Class B felony. He was committed to the custody of the Bureau of Prisons to serve a term of

1

imprisonment of 78 months, with a six-year term of supervised release to follow.

Defendant began his first term of supervised release on January 25, 2006. On March 24, 2006, his supervised release was revoked because he had used cocaine on two separate occasions. He was sentenced to 27 months' imprisonment, with a three-year term of supervised release to follow.

Defendant began his second term of supervised release on February 22, 2008. After defendant admitted to his probation officer that he had used cocaine on April 29, 2008 and had a substance abuse problem, he signed a waiver on May 1, 2008, agreeing to a modification of his supervised release to include a 60-day placement at Rock Valley Community Programs. On May 2, 2008, U.S. Magistrate Judge Stephen Crocker signed an order for a 60-day placement for defendant to begin on or about May 7, 2008.

Defendant's use of cocaine on April 29 was a violation of Special Condition No. 4, directing him to abstain from the use of illegal drugs, and Standard Condition No. 7, prohibiting him from purchasing, possessing, using, distributing or administering any narcotic or other controlled substance.

Defendant violated Special Condition No. 6, directing him to reside at Rock Valley Community Programs for 60 days and to report on or about May 7, 2008, by failing to report as directed.

Defendant's violations fall into the category of Grade C violations, as defined by § 7B1.1(a)(3) of the sentencing guidelines policy statement for violations of supervised release. Upon a finding of a Grade C violation, the court may revoke, extend or modify conditions

of supervised release.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's drug dependence is beyond the assistance available in the community and places the community at risk.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, he has an advisory guideline imprisonment range of 8 to 9 months and a statutory maximum sentence of 9 months. The sentencing guideline range and the statutory maximum sentence have been reduced as a result of defendant's previous revocation sentence of 27 months' custody.

After reviewing the non-binding policy statements in Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the available guideline range. This sentence is necessary to hold defendant accountable for his behavior, deter others from similar conduct and protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 24, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months. No term of supervised release shall follow. I recommend that defendant be afforded the opportunity to participate in drug aftercare treatment while in the Bureau of Prisons.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration. Execution of this sentence is to begin immediately.

Entered this  16th  day of May, 2008.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>Chief District Judge